Judgment rendered July 15, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,967-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

RODRICK RAYMOND HICKS                       Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 401,957

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPEALS AND WRIT                  Counsel for Appellant
SERVICE
By: Remy V. Starns
    Douglas Daniel Brown

JAMES E. STEWART, SR.                       Counsel for Appellee
District Attorney

ALEX L. PORUBSKY
ASHLIN NICOLE THOMAS
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, and THOMPSON, JJ.

**PITMAN, C. J.**

A jury convicted Defendant Rodrick Raymond Hicks of possession of a firearm or carrying a concealed weapon by a convicted felon. The trial court sentenced him to 20 years at hard labor without benefit of probation, parole or suspension of sentence and waived the mandatory fine. Defendant appeals. For the following reasons, we affirm.

### FACTS

On June 24, 2024, the state filed a bill of information charging Defendant with possession of a firearm or carrying a concealed weapon by a convicted felon, in violation of La. R.S. 14:95.1. The state alleged that on or about May 14, 2024, Defendant unlawfully possessed a Glock 19, after having previously been convicted on December 7, 2016, of illegal use of weapons, in violation of La. R.S. 14:94. Defendant pled not guilty.

A jury trial began on March 27, 2025, and Defendant was present in the courtroom when the trial commenced. Lieutenant Steve McKenna of the Shreveport Police Department testified that on May 14, 2024, he and other officers responded to a complaint that juveniles with firearms were present at a residence in the 1500 block of Dilg League Drive. He stated that Defendant answered the door of the residence and allowed the officers to enter.[1] Lt. McKenna observed canisters that appeared to contain marijuana and a digital scale. He testified that Defendant did not consent to a search of the residence, so they obtained a search warrant. During the search, the officers found a firearm under the mattress in the bedroom. Lt. McKenna

---

[1] Footage taken by Lt. McKenna's body camera during the search was published to the jury. In the recording, Defendant told Lt. McKenna that he and "his woman" were the only two people who stayed at that residence.

stated that Defendant admitted knowing the firearm was there but said it was fake. The officers determined that it was an actual firearm, i.e., a Glock, and arrested Defendant for possession of a firearm by a convicted felon.

Corporal Hunter DeLoach of the Shreveport Police Department testified that he handled the evidence seized during the execution of the search warrant. He stated that they seized a Glock 19X, a box of .40-caliber ammunition, a box of .45-caliber ammunition, two Glock magazines and a Glock extended magazine. He explained that the .40-caliber and .45-caliber cartridges would not fit in the Glock 19X or the extended magazine because they fire and hold 9-millimeter ammunition. He noted that the Glock was found under a mattress, and the other items were found inside a chest of drawers in the bedroom.

Detective Jeremy Blanchard of the Shreveport Police Department testified that he participated in the search. He stated that Defendant told him there was a firearm under the bed, and he located the firearm under the mattress toward the foot of the bed, close to the edge.[2] He identified the Glock 19X that was seized from the residence and noted that the back piece of the firearm was missing but that it could be fired. He stated that no 9-millimeter ammunition, which the Glock 19X fires, was found at the scene.

Sergeant John Madjerick of the Shreveport Police Department was accepted as an expert in the field of fingerprint examination, comparison and evaluation. The state introduced into evidence a bill of information, fingerprint attachment sheet, minutes and transcript in Docket No. 341,588

---

[2] Footage taken from his body camera during the search was published to the jury. In the recording, Defendant admitted to the officers that they would find a firearm and bullets. He told them what side of the bed the firearm was located. He stated that the firearm did not work, that it did not have anything in it and that it was a "decoy."

from the First Judicial District Court in Caddo Parish. Sgt. Madjerick identified the bill of information, dated May 23, 2016, and stated that Rodrick Hicks was the defendant in Docket Number 341,588. He read a portion of the minutes, which stated that on December 7, 2016, the defendant pled guilty to illegal use of a weapon, in violation of La. R.S. 14:98(B), and the trial court sentenced him to one year at hard labor. Sgt. Madjerick then took Defendant's fingerprints and compared them to the fingerprint attachment sheet in Docket Number 341,588. He determined that Defendant is the same person as Rodrick Hicks in Docket Number 341,588.

The court then stated that they would take a one-hour recess for lunch and return at 1:00 p.m. Outside the presence of the jury, the trial court noted that "it would be nice" to know if Defendant would testify so that they could conduct the colloquy. Defense counsel responded that he would discuss it with Defendant so that the colloquy could be conducted at 1:00 p.m. When the court and attorneys returned to the courtroom after the recess, the prosecutor noted that Defendant was not present. Defense counsel responded that he talked to Defendant's family members who were attending the trial, but they had not spoken to Defendant. Defense counsel's office also called three telephone numbers provided by Defendant, but he did not answer. The court noted that it was 1:33 p.m. and that Defendant was instructed to return at 1:00 p.m. Citing La. C. Cr. P. art. 832, the court recommenced the trial. The court stated that as Defendant voluntarily absented himself, he waived his right to have a colloquy about whether he wished to testify. The jury then entered the courtroom, the state published the evidence to the jury, the state rested its case and the defense rested its case. Following closing arguments and the reading of the jury instructions,

3

the jury found Defendant guilty as charged of possession of a firearm or carrying a concealed weapon by a convicted felon.

On October 8, 2025, Defendant filed a motion for judgment of acquittal and a motion for new trial. The trial court denied these motions.

A sentencing hearing was held on October 8, 2025. The trial court noted the sentencing range and found that the three factors in La. C. Cr. P. art. 894.1(A) were applicable. The court asked Defendant about his personal history and learned that he earned his GED, that he was previously employed as a truck driver and that he lived with family members. The court considered the factors enumerated in La. C. Cr. P. art. 894.1(B) and found that the following circumstances applied—that the offender knowingly created a risk of death or great bodily harm to more than one person and that Defendant used a dangerous weapon in the commission of the offense. The court noted that the firearm found in Defendant's possession had been altered by adding a switch to make it a fully automatic weapon. The court discussed Defendant's criminal history, including a 2012 conviction of possession of marijuana, a 2016 conviction of illegal use of a weapon during a crime of violence and a 2019 conviction for RICO-prohibited activities. The court stated that Defendant fled during trial, that he cut off and destroyed his ankle monitor and that he was arrested five months later in Dallas, Texas. It determined that these actions showed Defendant's disregard for the law and intention to "never come back." The court discussed possible mitigating factors and determined that they did not apply. Noting Defendant's criminal history and that he fled the jurisdiction during trial, the court sentenced Defendant to the maximum sentence of 20 years at hard labor without benefit of probation, parole or suspension of

4

sentence. The trial court stated that this sentence would run concurrently with any other sentence he was serving and waived the mandatory fine.

On October 21, 2025, Defendant filed a motion to reconsider sentence. The trial court denied this motion.

Defendant appeals.

## DISCUSSION

*Right to Testify*

In his first assignment of error, Defendant argues that the trial court erred in finding that his voluntary absence constituted a waiver of his right to testify. He contends that his absence did not constitute a waiver because a colloquy was not conducted. He argues that the court incorrectly conflated the statutory right to be present under La. C. Cr. P. art. 832 with the constitutional right to testify under *Rock v. Arkansas*, 483 U.S. 44, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987). Defendant requests that this court reverse his conviction and remand for a new trial at which he may exercise or waive his right to testify through a knowing and intelligent colloquy.

The state argues that the trial court appropriately inferred from Defendant's deliberate absence that he knowingly and voluntarily waived his right to testify. It states that Defendant was present in the courtroom when the trial court and defense counsel discussed conducting the colloquy after the recess, so he knew when he fled that he was forfeiting his right to testify. It contends that Defendant should not be allowed to impede court proceedings by choosing to abscond midtrial and then demand a retrial on the grounds that he was prejudiced by his own conduct.

The right to testify on one's own behalf at a criminal trial has sources in the Fifth, Sixth and Fourteenth Amendments of the United States

Constitution.  *Rock v. Arkansas*, *supra*; *State v. Turner*, 25-00209 (La. 3/6/26), 429 So. 3d 179.  The Louisiana Constitution guarantees a defendant the right to testify in his own defense.  La. Const. art. I, § 16.

A criminal defendant's right to testify is not without limitation.  *Rock v. Arkansas*, *supra*; *State v. Dauzart*, 99-3471 (La. 10/30/00), 769 So. 2d 1206.  The right "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Rock v. Arkansas*, *supra*, *quoting Chambers v. Mississippi*, 410 U.S. 284, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973).

Pursuant to La. C. Cr. P. art. 831(A), a defendant charged with a felony shall be present at all of the following:

> (1) At arraignment.
> (2) When a plea of guilty, not guilty, or not guilty and not guilty by reason of insanity is made.
> (3) At the calling, examination, challenging, impaneling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror.
> (4) At all times during the trial when the court is determining and ruling on the admissibility of evidence.
> (5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced.
> (6) At the rendition of the verdict or judgment, unless he voluntarily absents himself.

La. C. Cr. P. art. 832(A) sets forth exceptions to La. C. Cr. P. art. 831 and states, in pertinent part:

> A defendant initially present for the commencement of trial shall not prevent the further progress of the trial, including the return of the verdict, and shall be considered to have waived his right to be present if his counsel is present or if the right to counsel has been waived and . . . the following occur[s]:
> (1) He voluntarily absents himself after the trial has commenced, whether or not he has been informed by the court of his obligation to be present during the trial.

6

This court in *State v. Williams*, 50,468 (La. App. 2 Cir. 2/24/16), 190 So. 3d 737, *writ denied*, 16-0541 (La. 3/13/17), 216 So. 3d 801, *cert. denied*, 138 S. Ct. 387, 199 L. Ed. 2d 287 (2017), addressed a defendant's voluntary absence at trial and stated:

> The United States and Louisiana Supreme Courts have been unequivocal in their holdings that, while a criminal defendant has the right to be present during his trial, he does not have the right to use that presence as a means of preventing the continuation of his trial.
>
> ***
>
> A defendant may also waive his right to be present by voluntarily absenting himself from the trial. La. C. Cr. P. art. 832. In the case of a defendant who voluntarily absents himself from trial, the next inquiry is whether the defendant's attorney was present at every stage of the proceeding. If so, the defense attorney's presence is sufficient to satisfy the due process requirements of La. C. Cr. P. arts. 831 and 832.
>
> ***
>
> La. C. Cr. P. art. 17 provides that a court has the duty to require that criminal proceedings be conducted with dignity and in an orderly and expeditious manner and to control the proceedings so that justice is done. As observed in several other cases dealing with voluntary absences after trial begins, we will not allow a defendant to manipulate and frustrate the speedy trial and prosecution of criminal cases by absenting himself from a trial which has already commenced whenever he chooses to do so.

*See also State v. Landrum*, 35,053 (La. App. 2 Cir. 9/26/01), 796 So. 2d 94, *writ denied*, 03-0493 (La. 2/20/04), 866 So. 2d 823.

Although Louisiana courts have considered cases where the trial court or defense counsel prevented a defendant from testifying, *see State v. Dauzart*, *supra*, *and State v. Turner*, *supra*, these cases are inapplicable to the case *sub judice*. Defendant was not prevented from testifying. He voluntarily absented himself after hearing the trial court and his counsel agree that the colloquy regarding whether he would testify would be conducted following a recess. Therefore, the trial court did not abuse its discretion when it determined that Defendant waived his right to testify by

7

voluntarily absenting himself and then recommended trial pursuant to La. C. Cr. P. art. 832. Defense counsel remained present at every stage of the proceeding, which satisfied the due process requirements of La. C. Cr. P. arts. 831 and 832.

Accordingly, this assignment of error lacks merit.

*Excessive Sentence*

In his second assignment of error, Defendant argues that the trial court imposed a constitutionally excessive sentence. He states that the trial court should have considered the mitigating factors that the offense did not involve the use of violence or threats, that no one was injured and that the offense was possessory in nature. He contends that this is not the type of aggravated conduct that warrants the statutory maximum sentence. He argues that rather than basing this sentence on the seriousness of the crime, the trial court incorrectly relied on his post-offense flight, a fourth-felony offender characterization without a habitual offender adjudication and a weapon modification that was not present at the time of the offense.

The state argues that Defendant's sentence is constitutionally appropriate and that the trial court did not abuse its discretion. It states that the trial court carefully weighed the aggravating and mitigating factors when imposing the maximum sentence. In arguing that the sentence does not shock the sense of justice, the state notes Defendant's criminal history, his lack of interest in rehabilitation and his willful abscondment from trial. It states that the trial court properly considered Defendant's midtrial flight as it reflected his lack of remorse and established that a lesser sentence would deprecate the serious nature of his actions. It also argues that the trial court did not, as suggested by Defendant, conduct an informal habitual offender

8

adjudication; rather, it appropriately considered his criminal history, which included three previous felony convictions.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court complied with La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial judge need not articulate every aggravating and mitigating circumstance outlined in La. C. Cr. P. art. 894.1, but the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. *Id*. The important elements the trial court should consider are the defendant's personal history, prior criminal record, seriousness of offense and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1, *citing State v. Bonanno*, 384 So. 2d 355 (La. 1980).

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Jones*, 52,672 (La. App. 2 Cir. 5/22/19), 273 So. 3d 585,

*writ denied*, 19-01075 (La. 10/1/19), 280 So. 3d 160. On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7.

Whoever is found guilty of possession of a firearm or carrying a concealed weapon by a convicted felon shall be imprisoned at hard labor for not less than five nor more than twenty years without the benefit of probation, parole or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars. La. R.S. 14:95.1(B)(1).

In this case, the trial court did not abuse its discretion when it imposed the maximum 20-year sentence. The trial court analyzed the La. C. Cr. P. art. 894.1 factors and considered Defendant's personal history, emphasizing his criminal history. Considering the facts of this case, the sentence imposed by the trial court is not grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the conviction and sentence of Defendant Rodrick Raymond Hicks.

**AFFIRMED.**